# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05CR000076 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DERON FITZGERALD JONES,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Thomas R. Scott, Jr., Street Law Firm, LLP, Grundy, Virginia, for Defendant.*

Following his conviction by a jury in this court of drug trafficking, the defendant has moved to strike the government's information filed pursuant to 21 U.S.C.A. § 851 (West 1999), in which it seeks to obtain an enhanced sentence. I reject the defendant's constitutional, statutory, and procedural arguments and find that it is appropriate to deny the defendant's motion.

I

On October 20, 2005, the Bristol Virginia Police Department arranged a controlled drug buy at a local motel with the aid of a confidential informant. The confidential informant purchased fourteen grams of crack cocaine from the defendant Deron Fitzgerald Jones for $700. Following this purchase, police converged on the

vehicle in which the defendant was a passenger and arrested him along with the driver of the vehicle, Ollie Cloyd. Upon a search of the vehicle, police recovered approximately sixty additional grams of crack cocaine. A small amount of crack cocaine was also located on the driver's seat. The defendant was carrying $4,600 in cash at the time of his arrest. After being charged with state drug offenses, the defendant was released on bond.

On November 5, 2005, the defendant and his girlfriend, Monica Worley, were stopped by a Virginia state trooper for speeding. After noticing empty liquor bottles on the floorboard of the vehicle and what appeared to be crack cocaine, the trooper detained the suspects and searched the vehicle. The search revealed 4.9 grams of crack cocaine, 3.6 grams of powder cocaine, a baggie containing marijuana, three pipes used to smoke crack cocaine, two digital scales, and $6,552 in cash.

On December 12, 2005, a grand jury of this court returned an indictment charging the defendant with three counts relating to distribution of crack cocaine. Count One charged that between July 2005 and November 5, 2005, the defendant conspired to possess with intent to distribute fifty grams or more of crack cocaine. 21 U.S.C.A. §§ 846 and 841(b)(1)(A) (West 1999 & Supp. 2006). Count Two charged the defendant with distributing five grams or more of crack cocaine on October 20, 2005. 21 U.S.C.A. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C.A. § 2

- 2 -

Case 1:05-cr-00076-JPJ-RSB   Document 194   Filed 05/04/07   Page 2 of 18   Pageid#: 395

(West 2000). Count Three charged the defendant with possessing with intent to distribute fifty grams or more of crack cocaine on October 20, 2005. 21 U.S.C.A. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C.A. § 2.

On January 4, 2006, relying on 21 U.S.C.A. § 851, the government filed a Sentencing Enhancement Information ("Information"). The Information advised the defendant that because of his two prior drug convictions he was subject to a mandatory life sentence under 21 U.S.C.A. § 841(b)(1)(A), if he were convicted of either Count One or Count Three of the Indictment.[1]

On January 17, 2006, a Superseding Indictment was returned by the grand jury. This indictment added one more count (Count Four) against the defendant—possession with intent to distribute five grams or more of crack cocaine on November 5, 2005. 21 U.S.C.A. §§ 841(a)(1),841(b)(1)(A). Otherwise, the Superseding Indictment followed the original Indictment.

On February 21, 2006, a Second Superseding Indictment was returned by the grand jury. This final version of the indictment added Monica Worley as a co-

---

[1] "If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." 21 U.S.C.A. § 841(b)(1)(A). The Information alleged that the defendant was convicted of felony possession of cocaine on two separate occasions in 2002 in North Carolina, in violation of N.C. Gen. Stat. § 90-95(D)(2) (2005) .

- 3 -

defendant to Counts One and Four. The underlying charges against the defendant remained the same.

On December 6, 2006, following a two-day jury trial, the defendant was convicted of all four counts. In its verdict, the jury made certain express findings as to the quantity of crack cocaine attributable to the defendant— as to Count One, fifty grams or more; as to Count Two, five grams or more; and as to Count Three, fifty grams or more.

Following his conviction, the defendant filed a Motion to Strike Information, as well as an Amended Motion to Strike.[2] The issues raised by these motions have been briefed and argued and the motions have been orally denied. This opinion sets forth the reasons for that decision.

II

In his Motion to Strike, the defendant first contends that it is impermissible to use the two alleged prior drug convictions against him in sentencing because the existence of these prior convictions are elements of a crime under 18 U.S.C.A. § 841(b)(1)(A) for which he was not charged. *See Jones v. United States*, 526 U.S. 227, 232 (1999). ("[E]lements must be charged in the indictment, submitted to a jury, and

---

[2] The Amended Motion to Strike adds an additional ground.

- 4 -

proven by the Government beyond a reasonable doubt."). None of the versions of the indictment charged that the defendant had been convicted of any prior drug crimes nor did the government attempt to prove such an allegation to the jury.

The defendant asserts that the text of the statute dictates that the existence of prior convictions is an element of a larger offense and not simply a sentencing factor under § 841(b)(1)(A).[3] Accordingly, the defendant believes that the government cannot seek a mandatory life sentence against him.

---

[3] The government responds to this argument by stating that

> [The defendant] is attempting to use pre-*Apprendi* analysis to circumvent the application of binding precedent. *Apprendi* categorically stated that 'other than a fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt.'

(Govt's Br. at 1.)

However, the government's response misses the mark. Because the fact of prior conviction was specifically excluded from the holding in *Apprendi vs. New Jersey*, 530 U.S. 466 (2000), such a fact need only be charged in the indictment and submitted to the jury where Congress has classified prior convictions as an element of an offense. Here, the defendant argues that § 841(b) was drafted by Congress to include the fact of prior convictions as an element of an offense. Essentially, pre-*Apprendi* analysis is operative in this context because the Court carved out an exception—recidivism—when formulating the *Apprendi* rule. Therefore, the issue raised by the defendant is one of statutory interpretation—whether Congress intended a defendant's prior convictions to be an element of an offense or a sentencing factor.

- 5 -

The issue is whether Congress drafted 21 U.S.C.A. § 841 to create a crime with certain enumerated sentencing factors or whether it intended to create several separate crimes in both subsections A and B with no particular sentencing enhancement factors.[4]

Turning first to the text and structure of the statute, I find that Congress did not intend to delineate separate offenses in § 841(b). A plain reading of the statute indicates that Congress created a base offense in § 841(a) and certain punishments in § 841(b) based on aggravating factors. Subsection A is entitled "Unlawful acts" while subsection B is entitled "Penalties." *See Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R.*, 331 U.S. 519, 528-529 (1947) (finding that the heading of a statute and title of a section are tools available for resolving doubt about meaning of the statute). Section 841(a) was intended to describe the conduct subject to punishment while 841(b) enumerates the penalties for such conduct.

---

[4] The defendant contends that § 841(b)(1) creates the following five drug offenses: (1) conspiracy to distribute and distribution of fifty grams or more of crack cocaine; (2) conspiracy to distribute and distribution of fifty grams or more of crack cocaine causing death or serious bodily injury resulting from the use thereof; (3) conspiracy to distribute and distribution of fifty grams or more of crack cocaine after a prior felony drug conviction; (4) conspiracy to distribute and distribution of fifty grams or more of crack cocaine causing death or serious bodily injury resulting from the use thereof after a prior felony drug conviction; and (5) conspiracy to distribute and distribution of fifty grams or more of crack cocaine after two or more prior felony drug convictions.

Furthermore, the courts that have addressed this issue have found that § 841(b) only enumerates sentencing factors and does not create substantive offenses.[5]

These cases construing the statute demonstrate that Congress intended to create three basic types of sentencing enhancements: (1) one for the type and quantity of drugs; (2) one for whether the defendant had been previously convicted of drug crimes; and (3) one for whether serious injury or death resulted from the drug. Nothing in *Apprendi* alters this interpretation of § 841(b).

Prior to *Apprendi*, the legislature's classification of a fact as an "element" or a "sentencing factor" was usually dispositive. *See* 530 U.S. at 524. In general, only elements needed to be charged in the indictment and proved to the jury beyond a reasonable doubt. Great deference was afforded to a legislature's classification of a fact as an "element" or a "sentencing factor." However, in the wake of *Apprendi*, the classification of a fact as a "sentencing factor" or an "element" is no longer an issue of semantics but one of effect. "*Other than the fact of a prior conviction*, any fact

---

[5] *See United States v. Holt*, 149 F.3d 760, 762 (8th Cir. 1998) ("[N]either 841(b)(1)(A) nor 841(b)(1)(B) describes a substantive offense; they are merely sentence-enhancement statutes."); *United States v. Arango-Montoya*, 61 F.3d 1331, 1338-1339 (7th Cir. 1995) ("[T]his court [has] held that it was readily apparent from the language of § 841 that Congress intended § 841(a) to define the elements of the offense (possession of a controlled substance with the intent to distribute) and § 841(b) to provide the applicable sentencing enhancement provisions."); *United States v. Gibbs*, 813 F.2d 596, 600 (3d Cir. 1987) ("Section 841(b) merely specifies the penalties for violations of § 841(a), depending on the substance and quantity involved.").

- 7 -

that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added); *see also Ring v. Arizona*, 536 U.S. 584, 602 (2002) ("If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt.").

Accordingly, whether a statute characterizes a fact as an offense element or a sentencing factor is largely irrelevant, because the practical effect is the same; the fact must be submitted to the jury if it increases the penalty for a crime beyond the prescribed statutory maximum. However, this analysis is inoperative in the context of a prior conviction. *See Almendarez-Torres v. United States*, 523 U.S. 224, 245-47 (1998). Such a fact need only be submitted to the jury when Congress has specifically defined prior convictions as an element of an offense.

Facts regarding drug quantity and the presence of serious bodily injury or resulting death that are enumerated in § 841(b) must be submitted to the jury not because they are elements of a crime, but because they are sentencing factors that "increase[] the penalty for a crime beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490; *see also Ring*, 536 U.S. at 605. ("[T]he characterization

of a fact or circumstance as an 'element' or a 'sentencing factor' is not determinative of the question 'who decides,' judge or jury.").

Recidivism remains the only sentencing factor that need not be submitted to the jury in order for an increased punishment to attach. *Apprendi* and its progeny have not overruled the *Almendarez-Torres* holding. Therefore, in this case the fact of prior conviction did not have to be alleged in the indictment or submitted to the jury because such a fact has been classified by Congress as a sentencing factor in the statute.

III

The defendant also argues that even if recidivism is a sentencing factor rather than an element of a substantive offense, *Apprendi* has implicitly overruled *Almendarez-Torres*. The holding that the sentencing factor of prior conviction need not be submitted to the jury has been reaffirmed by the Supreme Court numerous times since *Almendarez-Torres* was decided. Although the logical underpinning of *Almendarez-Torres* may have been undermined by the Court's most recent cases on sentencing enhancements, the holding remains binding precedent that this court must follow. *See United States v. Cheek*, 415 F.3d 349, 352-53 (4th Cir.) ("Even were we to agree with the [the defendant's] prognostication that it is only a matter of time

before the Supreme Court overrules *Almendarez-Torres*, we are not free to overrule or ignore the Supreme Court's precedents."), *cert. denied*, 126 S. Ct. 640 (2005).

Even if the Court revisits its holding in *Almendarez-Torres*, the result would be the same in this case. Since it was charged in the indictment and the jury found beyond a reasonable doubt that the defendant was responsible for over fifty grams of crack cocaine as to Counts One and Three, the defendant faces a maximum punishment of life imprisonment under § 841(b)(1)(A). A mandatory minimum sentence may be imposed based on judge-determined facts and *Apprendi* does not apply. *Harris v. United States,* 536 U.S. 545, 565 (2002). Because the mandatory minimum sentence here does not exceed the maximum penalty authorized by the facts determined by the jury, there is no violation of the Sixth Amendment. *United States v. Estrada*, 428 F.3d 387, 389-90 (2d Cir. 2005) (holding that mandatory life sentence under § 851 after a conviction of § 841(b)(1)(A) is permitted under the rationale of *Harris*), *cert. denied*, 126 S. Ct. 1451 (2006); *United States v. Puzey*, 73 F. App'x 549, 553-54 (4th Cir. 2003) (unpublished) (same).

IV

The defendant argues in his Amended Motion to Strike that the government failed to comply with the procedural requirements of 21 U.S.C.A. § 851 by failing to

file a supplemental sentencing enhancement information after the return of the Second Superseding Indictment.

Section 851 requires the government to file and serve an information upon the defendant prior to trial where it seeks to use the fact of prior conviction against that defendant for purposes of sentencing.[6]

Here, the government filed and served the Information shortly after the original indictment was returned by the grand jury. Two superseding indictments were subsequently returned against the defendant in this case. However, the government never amended the Information to correlate with the final indictment. The defendant asserts that by failing to file a new Information referencing the final indictment the government did not give proper notice of its intent to use two of the defendant's alleged prior convictions at sentencing.

This argument is unavailing. "The government is not required to refile its notice of enhanced sentence after return of a superseding indictment." *United States v. Mendez*, 39 F.App'x 17, 18 (4th Cir. 2002) (unpublished) (citing *United States v. Wright*, 932 F.2d 868, 882 (10th Cir. 1991)).

---

[6] The statute provides that "[n]o person . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial . . . the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C.A. § 851.

- 11 -

The Information filed by the government in this case complies with the spirit and letter of the law. The ultimate function of an information, like an indictment, is to give the defendant sufficient notice of the charges against which he must defend. *See Hamling v. United States*, 418 U.S. 87, 117 (1974).

The procedural requirements of § 851 have been structured to give the defendant adequate notice that previous convictions will be used by the government in sentencing. The statute's filing and service requirements are intended to ensure that the defendant has an adequate opportunity to review allegations of previous convictions for accuracy, create a trial strategy, and evaluate the consequences of a jury verdict. *United States v. White*, 980 F.2d 836, 842 (2d Cir. 1992). Notice by information also gives the defendant an opportunity to challenge the existence of the prior convictions that the government seeks to use. *Id.* at 846-47.

The procedural requirements of § 851 exist solely to give the defendant notice. A plain reading of the statute indicates that the government must only meet three procedural conditions before an information can be considered valid and a defendant's prior convictions used for purposes of sentencing.[7] There is no mention in the statute that the government state with specificity the particular count or counts

---

[7] These three requirements are: (1) an information is filed with the court; (2) the information describes in writing the previous convictions that the government intends to rely on; and (3) the information is served on the defendant.

listed in the indictment for which it intends to use evidence of prior conviction in sentencing.

Although compliance with § 851 is necessary before a judge may impose a sentence enhancement based on the defendant's prior convictions, I will not read additional procedural requirements into the statute that are not supported by the plain language of the statue. The purpose of § 851 was fully effectuated by the manner in which the Information was filed and served in this case. The defendant was adequately notified before trial that he was subject to an enhanced sentence based on prior criminal convictions. This is all that the statute requires. *See United States v. Severino*, 316 F.3d 939, 943 (9th Cir. 2003).

Once notice is achieved by filing and service upon the defendant, the notice remains in effect unless modifications to the indictment are so fundamental as to suggest that the government no longer intends to use the fact of prior convictions against the defendant in sentencing. Considering there were no fundamental changes made between the original Indictment and the Second Superseding Indictment, there was no need to file a supplemental information referencing the Second Superseding Indictment. Although an additional defendant was added to Count One and an additional charge was added against the defendant, the other charges against the defendant remained the same. Accordingly, the defendant has shown no prejudice

by the government's failure to file a supplemental information because he had every reason to believe that the government still intended to use prior convictions for sentencing.

V

The defendant argues that a mandatory term of life in prison without the possibility of parol is a disproportionate punishment constituting cruel and unusual punishment under the Eighth Amendment. However, "The Supreme Court has definitively held that, as applied to most repeat drug offenders, a life sentence is not violative of the Eighth Amendment's prohibition against cruel and unusual punishment." *United States v. Kratsas*, 45 F.3d 63, 65 (4th Cir. 1995).

Although there is some doubt whether non-capital sentences are even subject to proportionality review in light of the Supreme Court's ruling in *Harmelin v. Michigan*, 501 U.S. 957, 994-995 (1991), this circuit continues to require courts to employ the three-prong test articulated in *Solem v. Helm*, 463 U.S. 277, 292 (1983), in cases where life sentences are at issue. *See Kratsas*, 45 F.3d at 66. This test examines: "(1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions." *Id.*

Considering these factors, I find that a mandatory life sentence is not a disproportionate punishment in this case. The gravity of the offenses for which the defendant was convicted is large. "The distribution and possession with intent to distribute large quantities of crack cocaine is an extremely grave offense." *United States v. D'Anjou*, 16 F.3d 604, 613 (4th Cir. 1994). The evidence presented at trial revealed that the defendant was more than a passive participant in the distribution of crack cocaine. The jury found that he actively conspired to distribute large quantities of crack cocaine during the course of several months. Furthermore, the gravity of the offense is multiplied by the fact that the defendant is a repeat offender who was not deterred by a prior arrest. Although the defendant was initially arrested on October 20, 2005, with a large quantity of crack of cocaine, he was not deterred by this arrest. While still facing severe penalties for this offense, and only days after his release on this charge, he was again arrested with a large quantity of crack cocaine in his automobile.

Furthermore, "Not only is the offense grave, but so is the punishment. Life without parole is the second most serious penalty available. Nevertheless, given that drug dealers themselves sentence many individuals to a lifetime of addiction and dependency, a life sentence for repeatedly dealing drugs cannot be considered disproportionate by cruel and unusual." *Id*.

- 15 -

Applying the second prong of the *Solem* test, it is evident that a life sentence for a drug violation by a repeat drug offender is not disproportionate to other sentences under federal law. In examining the sentence imposed on other criminals, the Fourth Circuit has noted that "a life sentence for a major drug violation is not disproportionate in comparison with other sentences under the Guidelines." *Id.*[8]

In light of the *Solem* factors, the imposition of a life sentence is proportionate to the crimes in this case and otherwise comports fully with the requirements of the Eighth Amendment. *See Lockyer v. Andrade*, 538 U.S. 63, 73-74 (2003) (holding that a state court's finding that two consecutive twenty-five year sentences for petty theft did not violate the gross disproportionality principle was not an unreasonable application of federal law); *Harmelin*, 501 U.S. at 996 (plurality opinion) (finding that imposition of a life sentence without parole for a first time offender in simple possession of 650 grams of cocaine was not a disproportionate punishment); *United States v. Barber*, No. 06-4064, 2007 WL 1036172, at *2-3 (4th Cir. Apr. 2, 2007) (unpublished) (finding that a mandatory life sentence under 21 U.S.C.A. 841(b)(1)(A) was not a disproportionate sentence); *United States v. Hill*, 30 F.3d 48, 50 (6th Cir. 1994) (holding that mandatory life sentence for third-time offender involving 177.8

---

[8] Moreover, similar sentences are possible under state law. *See, e.g.,* Va. Code Ann. § 18.2-248(C) (Supp. 2006) (subjecting an offender with a prior drug offense to life in prison).

grams of crack cocaine was not grossly disproportionate); *United States v. McKines*, 917 F.2d 1077, 1081 (8th Cir. 1990) (holding that "mandatory life sentence for a third conviction for drug trafficking is not cruel and unusual punishment under the Eighth Amendment").

VI

Finally, the defendant argues that the requirement that he file a written response to the information in order to object to the alleged prior convictions, violates his Fifth Amendment right against self-incrimination. The defendant cites no authority to support his argument.

I find that § 851(c) does not violate the Fifth Amendment because "the constitutional protections accorded an accused prior to conviction are clearly distinct from any that might apply where a conviction has become final." *United States v. Wilson*, 183 F. App'x 814, 825 (10th Cir. 2006) (unpublished), *cert. denied*, No. 06-9886, 2007 WL 957308 (U.S. Apr. 2, 2007). An allegation of prior conviction for sentencing purposes is not analogous to an original charge. *Id.* Here, the defendant has a right to contest the existence of the prior convictions and has done so.[9]

---

[9] In the defendant's Amended Motion to Strike he states, "Subject to and without waiving his previous Motion asserted herein, Jones denies the allegations contained in the Information . . . ." (Def.'s Am. Mot. at 3.) The court conducted an evidentiary hearing and

- 17 -

Case 1:05-cr-00076-JPJ-RSB   Document 194   Filed 05/04/07   Page 17 of 18   Pageid#: 410

Accordingly, the burden rests on the government to prove the existence of any such convictions. Under these circumstance, the Fifth Amendment is not implicated.

VII

For the reasons stated it is **ORDERED** that the defendant's Motion to Strike Information and Amended Motion to Strike are DENIED.

ENTER: May 4, 2007

/s/ JAMES P. JONES
Chief United States District Judge

---

determined that the government had proved beyond a reasonable doubt that the defendant had in fact been convicted as charged in the Information.