# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|                              |   |                              |
|------------------------------|---|------------------------------|
| **UNITED STATES OF AMERICA**, | ) |                              |
|                              | ) | Case No. 1:05CR00076         |
| v.                           | ) |                              |
|                              | ) | **OPINION AND ORDER**        |
|                              | ) |                              |
| **DERON FITZGERALD JONES**,  | ) | By: James P. Jones           |
|                              | ) | Chief United States District Judge |
| Defendant.                   | ) |                              |

*Deron Fitzgerald Jones, Pro Se Defendant.*

The defendant brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009). After filing an initial § 2255 motion and amendment in October 2009, the defendant sought and received an extension of time in which to file a brief in support of the grounds raised in that motion. In January and February 2010, the defendant filed additional memoranda in support of his § 2255 motion, in which he also raised new grounds for relief. Upon review of the record, I find that some of the grounds raised in Jones' amendments must be summarily dismissed.

I

Deron Fitzgerald Jones was found guilty, after a two-day jury trial, of conspiracy to possess with the intent to distribute 50 grams or more of crack cocaine (Count One), distribution of five grams or more of crack cocaine (Count Two); and possession with intent to distribute 50 grams or more of crack cocaine (Count Three), all in violation of 21 U.S.C.A. §§ 846 and 841(b)(1)(A) (West 1999 & Supp. 2009). On May 4, 2007, I sentenced Jones to life in prison. His sentence was affirmed by the United States Court of Appeals for the Fourth Circuit, and the Supreme Court denied his petition for a writ of certiorari on October 6, 2008. *United States v. Jones*, 270 F. App'x 268 (4th Cir.), *cert. denied*, 129 S. Ct. 158 (2008).[1]

Jones signed and dated his initial § 2255 motion on September 21, 2009, certifying that on that date, he had placed the motion into the prison mailing system, addressed to the court. The court received and docketed the § 2255 motion on October 1, 2009. In this initial motion, Jones alleges the following grounds for relief:[2]

    1.    Trial counsel provided ineffective assistance of counsel

---

[1] For the facts surrounding the charges and the sentence, see *United States v. Jones*, 484 F. Supp. 2d 506 (W.D. Va. 2007) (denying motion to strike sentencing enhancement).

[2] Jones does not use a consistent numbering system for the grounds presented in each of his submissions. For the sake of reference, I have assigned consecutive numbers and letters to the grounds for relief and subparts presented in each of his pleadings. My designations do not correspond to those used by Jones.

a. By failing to object to an erroneous jury instruction regarding the drug amount finding necessary for a finding of guilt;

b. By failing to move for dismissal of the indictment on multiplicity grounds;

c. By failing to challenge the government's expert drug analysis procedures;

d. By failing to file a motion to suppress based on the lack of scientific evidence identifying the substance seized;

2. Appellate counsel provided ineffective assistance of counsel

a. By failing to challenge an erroneous jury instruction on appeal; and

b. By failing to raise a multiplicity argument on appeal.

Jones stated in the § 2255 motion that "[f]urther example[s] of pre-trial deficiencies and other examples of ineffective counsel will be submitted upon receipt of detrimental transcripts currently being sought from the court. Petitioner will seek leave to amend at a later date." (2255 Mot. 8.)

On October 6, 2009, the court received Jones' first amendment, alleging the following additional grounds for relief:

3. Attorney Dennis Eugene Jones provided ineffective assistance of counsel in failing to challenge the delay of the indictment in this case;

4. Attorney Robert Austin Vinyard provided ineffective assistance of counsel by

a. failing to conduct a proper pre-trial investigation;

b. failing to challenge the delayed indictment;

c. failing to challenge the notice of intent to enhance sentence under 21 U.S.C.A § 851;

d. failing to make a Fourth Amendment challenge to the November 2, 2005 unlawful search;

e. failing to invoke the defendant's speedy trial rights;

f. failing to properly advise the defendant of the law and the facts of the case;

g. failing to challenge the defendant's detention under the Bail Reform Act;

h. failing to challenge the drug weight of the October 20, 2005 arrest;

i. failing to challenge the drug weight of the November 20, 2005 arrest; and

j. failing to advise Jones of the buyer-seller defense.

Jones also moved for, and the court granted, an extension of time in which to file a memorandum in support of his newly stated grounds for relief, which.

On January 19, 2010, the court received Jones' "Memorandum of Law in Support" of his § 2255 motion, alleging the following grounds for relief:[3]

5. Ineffective pre-trial and trial counsel by

---

[3] The January 19, 2010, memorandum did not include a signature page.

a. Failing to move for dismissal of the delayed indictment;

b. Failing to raise a speedy trial challenge to the delayed indictment;

c. Failing to challenge to the prior convictions in the § 851 enhancement notice;

d. Failing to conduct a proper investigation of the case;

e. Failing to bring a Fourth Amendment challenge to the unlawful search of the defendant's vehicle on November 5, 2005;

f. Failing to ensure that the defendant was afforded a trial within 70 days;

g. Improperly advising the defendant as to the law and the facts of the case;

h. Failing to challenge the defendant's pretrial detention under the Bail Reform Act;

i. Failing to challenge the drug weight relative to the October 20, 2005 underlying offence;

j. Failing to challenge the drug weight relative to the November 20, 2005 underlying offence; and

k. Failing to properly advise the defendant of the "buyer-seller" defense.

6. Prosecutorial Misconduct

7. Ineffective Appellate Counsel

8. Jurisdictional/Structural Error

9. Constitutional Issue.

After a law clerk notified Jones by letter that his pleading appeared to be missing pages, Jones moved for, and was granted, additional time to complete his pleading.

On February 22, 2010, the court received another pleading from Jones, entitled "AMENDED PETITION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255."[4] In this pleading, Jones alleged the following grounds for relief:

    10.    Counsel provided ineffective assistance during pretrial proceedings

        a.    By failing to challenge the timeliness of the initial indictment;

        b.    By failing to object to violation of the defendant's statutory right to a speedy trial;

        c.    By failing to object to the violation of the defendant's constitutional right to a speedy trial;

        d.    By failing to move to suppress evidence seized after a traffic stop on November 5, 2005;

        e.    By failing to inform the defendant of the risks of proceeding to trial versus accepting the government's proposed plea agreement;

    11.    Counsel provided ineffective assistance during sentencing and appeal by failing to argue that the § 851 enhancement of the

---

[4] Jones signed and dated this pleading on February 17, 2010.

> defendant's sentence was unconstitutional because it was based on facts not charged in the indictment or found beyond a reasonable doubt by the jury.

By order entered February 24, 2010, the court warned Jones that his amended § 2255 grounds appeared to be untimely, pursuant to § 2255(f), and directed him to provide any additional information or argument in support of consideration of these late-filed grounds. In response, Jones now argues that the later filed grounds must be considered because they relate back to timely filed grounds included in his earlier submissions. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) (finding that late amendments to § 2255 action are time-barred under § 2255(f) unless they relate back to timely filed grounds under Fed. R. Civ. P. 15(c)).

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

An amendment to a pending § 2255 motion is also subject to the one-year statute of limitations set forth in § 2255(f) unless the amendment relates back to a timely raised claim, pursuant to Rule 15(c). *Mayle*, 545 U.S. at 664. However, "Rule 15(c)(2) relaxes, but does not obliterate, the statute of limitations; hence relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Id.* at 659. In the *Mayle* decision, the Supreme Court rejected prior appellate court rulings that allowed a habeas claim first asserted in a late amendment to relate back to timely filed claims merely because all the claims arose from the same trial, conviction, or sentence. *Id.* at 662. Instead, the Court held that "[s]o long as the original and amended petitions state claims that are tied to a common

core of operative facts, relation back will be in order." *Id.* at 664; *United States v. Pittman*, 209 F.3d 314, 317-18 (4th Cir. 2000) (finding that late-filed claims did not relate back under Rule 15(c) to timely claims because they arose from "separate occurrences of both time and type") (omitting internal quotations marks and citation).

A defendant's conviction becomes final for purposes of § 2255(f)(1) when the defendant's opportunity to appeal the district court's judgment expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). His § 2255 motion is considered filed when he delivers it to prison authorities for mailing. Rule 3(d), Rules Governing § 2255 Proceedings; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (finding that prisoner's notice of appeal from denial of habeas relief was filed when he delivered it to prison authorities for mailing to the court).

Under these principles, Jones' conviction became final on October 6, 2008, when the Supreme Court denied his petition for a writ of certiorari. Jones filed his initial § 2255 motion in September 2009 and his first amendment on October 6, 2009, within the one-year filing period under § 2255(f)(1). Therefore, the grounds set forth in these early submissions were timely filed. Jones asked for and received an extension of time to file a memorandum in support of his grounds for relief. This extension, however, did not enlarge the statutory filing period for additional § 2255

grounds. Neither § 2255(f) nor any other federal statute or rule authorizes a court to extend a filing limitation period set by Congress through enactment of a statute. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001) (finding that court has no authority to toll statute of limitation by granting petitioner extension of time to file petition, absent a showing of extraordinary circumstances as necessary for equitable tolling of limitation period).

The one-year period under § 2255(f)(1) expired for Jones on October 6, 2009, and both of his 2010 amendments were filed after this date. Although granted an opportunity to do so, Jones has made no showing that he is entitled to equitable tolling of the limitation period. Thus, any additional § 2255 ground he filed after that date is time-barred under § 2255(f)(1) unless it asserts error of the same type, from the same time period, and based on the same core of operative facts as asserted in one of Jones' timely filed grounds from his 2009 submissions so as to "relate back" under Rule 15(c). *Mayle*, 545 U.S. at 664; *Pittman*, 209 F.3d at 317-18.

Applying these principles, I find that some of the grounds in Jones' amendments do not relate back to timely filed grounds and must be dismissed under § 2255(f)(1). The initial § 2255 motion as amended on October 6, 2009, did not raise any grounds relating to prosecutorial misconduct or jurisdictional/structural error as raised in Jones' January 2010 amendment. Accordingly, Grounds 6 and 8 in that

amendment do not relate back to timely raised grounds and must be dismissed as untimely filed, pursuant to § 2255(f)(1). Similarly, in his grounds as amended on October 6, 2009, Jones did not allege any incident of ineffective assistance relating to plea bargaining. As such, Ground 10(e) in the February 2010 amendment, asserted for the first time outside the one-year filing period under § 2255(f), is untimely filed and must be summarily dismissed.

Several other grounds for relief raised in Jones' submissions must be summarily dismissed because even after three opportunities to amend, Jones offers no facts in support of the stated legal challenge. To address these grounds, the government or the court would be required to speculate as to how Jones believes that counsel should have supported these challenges with facts from Jones' case. In a § 2255 motion, the defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). As to the following grounds, Jones has not presented facts sufficient to satisfy this burden, and the grounds must, accordingly, be summarily dismissed: 4(a) and 5(d) (alleging improper pretrial investigation), 4(f) and 5(g) (alleging improper advise regarding law and facts), 4(g) and 5(h) (alleging failure to challenge pretrial detention), 4(h) and 5(i) (alleging failure to challenge October 20, 2005 drug weight), 4(i) and 5(j) (alleging failure to challenge November 20, 2005 drug weight), 4(j) and

5(k) (alleging failure to raise buyer/seller defense), 7 (alleging "[i]neffective assistance"), and 9 (alleging "[c]onstitutional issue").

The remaining grounds raised in Jones' January and February 2010 amendments do relate back to, or repeat, grounds timely raised in the § 2255 motion as amended on October 6, 2009 and allege sufficient facts in support so as to require a government response. Therefore, by separate order, the court will require the government to respond to the following grounds alleging ineffective assistance : Grounds 1(a)-(d); 2(a)-(b); 3, 4(b), and 5(a) (regarding delayed indictment); 4(c), 5(c), and 11 (regarding prior convictions in § 851 notice); 4(d), 5(e), and 10(d) (regarding unlawful search on November 5, 2005),[5] and 4(e), 5(b), 5(f), 10(b), and 10(c) (regarding speedy trial issues).

III

For the stated reasons, it is hereby **ORDERED** that the defendant's requested amendments to his § 2255 motion (DE 254, 262, and 266) are GRANTED, but that the following grounds raised in the defendant's amendments are DISMISSED:

---

[5] In Ground 4(d), Jones states that the search he wishes to challenge occurred on November 2, 2005. In the later amendments, Grounds 5(e) and 10(d), he refers to the search on November 5, 2005. It clearly appears from the record that Jones intends to challenge the vehicle search conducted on November 5, 2005, but inadvertently inserted the wrong date. Accordingly, the court will deem the amended versions of this claim as relating back to the timely filed one.

Grounds 4(a) and 4(f)-(j) from DE 254; Grounds 5(d), 5(g)-(k), 6, 7, 8, and 9 from DE 262; and Ground 10(e) from DE 266.  By separate order, the court will direct the government to respond to Jones' remaining grounds as amended.

        ENTER: May 13, 2010

        /s/ JAMES P. JONES
        Chief United States District Judge