# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:05CR00076 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| DERON FITZGERALD JONES, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Deron Fitzgerald Jones, Pro Se Defendant.*

The defendant, Deron Fitzgerald Jones, proceeding pro se, has moved to amend his pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C.A. § 2255 (West Supp. 2010). The government has responded, making the motion ripe for disposition. I will grant the motion in part and deny it in part, and will stay decision on the remainder of Jones' § 2255 claims.

I

Jones first seeks to amend his § 2255 to add a claim that his mandatory life sentence, imposed under 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2010) and based on his prior state drug convictions, is no longer valid in light of the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (June

14, 2010). In that case, the Court interpreted its earlier decision in *United States v. Rodriquez*, 553 U.S. 377 (2008), to suggest that when a defendant is subject to an increased maximum penalty based only on a statutory recidivist enhancement, the government must prove that the enhancement applies to the specific defendant. As the Court noted:

> We held that a recidivist finding could set the "maximum term of imprisonment," but only when the finding is part of the record of conviction. . . . Indeed, we specifically observed that "in those cases in which the records that may properly be consulted do not show that the defendant faced the possibility of a recidivist enhancement, it may well be that the Government will be precluded from establishing that a conviction was for a qualifying offense."

*Carachuri-Rosendo*, 130 S. Ct. at 2587 n.12 (quoting 553 U.S. at 389). In light of *Carachuri-Rosendo*, the Court remanded four cases involving North Carolina convictions to the United States Court of Appeals for the Fourth Circuit for reconsideration: *Simmons v. United States*, 130 S. Ct. 3455 (June 21, 2010), vacating 340 F. App'x 141 (4th Cir. 2009); *Watson v. United States*, 130 S. Ct. 3455 (June 21, 2010), vacating 336 F. App'x 363 (4th Cir. 2009); *Williams v. United States*, 130 S. Ct. 3464 (June 21, 2010), vacating 353 F. App'x 839 (4th Cir. 2009); and *Smith v. United States*, 130 S. Ct. 3466 (June 21, 2010), vacating 354 F. App'x 830 (4th Cir. 2009).

I will grant Jones' amendment as to his claim regarding the validity of his mandatory life sentence.[1] This amendment relates back to Jones' earlier claim that his attorney was ineffective at sentencing and on appeal to challenge the use of the prior drug convictions to qualify Jones for a mandatory life sentence. *See* Fed. R. Civ. P. 15(c)(1); *Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.").

Moreover, the government concedes that Jones may be entitled to relief from his mandatory life sentence if the Fourth Circuit applies the *Carachuri-Rosendo* decision in one or more of the remanded cases to find that North Carolina convictions similar to Jones' were improperly used to enhance the federal sentences. Accordingly, I will grant the Motion to Amend as to Jones' claim regarding the mandatory life sentence, and I will stay disposition of the § 2255 motion as amended until the issue is authoritatively decided.[2]

---

[1] Specifically, Jones argues that his prior North Carolina convictions did not qualify as prior drug felonies so as to make him eligible for a mandatory life sentence under § 841(b)(1)(A), because under North Carolina law, based on his criminal history at the time of the state offenses, he was subject to a sentencing range of less than twelve months. Although Jones raised a similar argument on direct appeal, it was denied under the "plain error" standard of review and controlling Fourth Circuit precedent. *United States v. Jones*, 270 F. App'x 268, 269 (4th Cir. 2008) (citing *United States v. Harp*, 406 F.3d 242, 245-47 (4th Cir. 2005) and *United States v. Jones*, 195 F.3d 205 (4th Cir. 1999)).

[2] The Fourth Circuit's electronic docket indicates that the court en banc, heard oral arguments in the *Simmons* case, No. 08-4475, on May 11, 2011, and that the other

II

Jones also moves to amend to bring a claim that in light of the enactment of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), he is no longer subject to a life sentence under 21 U.S.C.A. § 841(b)(1)(A). Among other things, the FSA increased the amounts of crack cocaine required to trigger mandatory minimum sentences. The FSA does not apply retroactively, however, to defendants who were sentenced before its enactment. *See United States v. Bullard*, No. 09-5214, 2011 WL 1718894, at *9-10 (4th Cir. May 6, 2011). Therefore, it cannot provide grounds for a § 2255 claim that Jones' sentence was unlawful as imposed. Moreover, as the government points out, this claim is untimely filed pursuant to § 2255(f)(1), because it was filed more than one year after Jones' conviction became final and does not arise from the same factual and legal framework as any timely filed claim so as to relate back under Rule 15(a). *Mayle,* 545 U.S. at 664. Therefore, I will deny Jones' amendment as to his FSA claim.

---

cases remanded in light of the *Carachuri-Rosendo* decision (*Watson*, No. 08-4904, *Williams*, 09-4065, and *Smith*, No. 09-4118) have been placed in abeyance pending decision in *Simmons*.

III

For the reasons stated, it is **ORDERED** as follows:

1. The defendant's Motion to Amend (ECF No. 286) is GRANTED IN PART AND DENIED IN PART; and

2. Disposition of the defendant's § 2255 motion as amended is STAYED until further order of the court.

                                       ENTER: June 6, 2011

                                       /s/ James P. Jones
                                       United States District Judge