# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:05CR00076-001 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DERON FITZGERALD JONES,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Charlene R. Day, Assistant United States Attorney, Roanoke, Virginia, for United States; Thomas R. Scott, Jr., Street Law Firm, LLP, Grundy, Virginia, for Defendant.*

Deron Fitzgerald Jones, a federal inmate previously sentenced by this court, has moved for a sentence reduction pursuant to Amendment 782 to the U.S. Sentencing Guidelines Manual ("U.S.S.G."), U.S.S.G § 1B1.10, and 18 U.S.C. § 3582(c)(2). The government has no objection to a sentence reduction, and there is no dispute that Jones is eligible to have his sentence reduced. The only issue before the court is whether it would be appropriate for Jones to receive a low-end guideline range sentence, or a proportionate sentence reduction to the middle of the new guideline range. Based on Jones' extensive criminal history and the seriousness of the offense conduct, I will reduce Jones' sentence proportionally within the new guideline range of 120 to 150 months, to 134 months.

I.

On April 30, 2014, the U.S. Sentencing Commission submitted to Congress a proposed amendment to the sentencing guidelines that would revise the guidelines applicable to drug trafficking offenses, effective November 1, 2014. This amendment, designated Amendment 782, generally reduces by two levels the offense levels assigned to the drug quantities described in U.S.S.G. § 2D1.1. The amendment does not apply to career offenders and is subject to any applicable statutory mandatory minimum sentences.

In July 2014, the Commission voted to apply Amendment 782 retroactively beginning November 1, 2014. However, in order to give the courts, probation officers, and the Bureau of Prisons time to process motions for sentence reductions and to prepare release plans for offenders affected by the amendment, the Commission required that any sentence reduction based on retroactive application of Amendment 782 not take effect until November 1, 2015, or later. Therefore, offenders affected by the retroactive application of Amendment 782 cannot be released before November 1, 2015.

The court's application of Amendment 782 is guided by statutory authority and the Guidelines Manual. 18 U.S.C. § 3582(c)(2) provides that, where a defendant has been sentenced to a term of imprisonment based on a guidelines range that was subsequently lowered by the Sentencing Commission, the court is

authorized to reduce the term of imprisonment upon a motion of the defendant or on its own motion. In resentencing the defendant, the court must consider the factors in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id.* Further, the court must consider whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.*

Section 1B1.10 of the Guidelines Manual further specifies the Sentencing Commission's policies regarding sentence reductions due to amended guideline ranges. Of relevance, § 1B1.10(b)(2) precludes a reduction of less than the minimum of the amended guideline range, unless the defendant originally received a downward departure based on the government's motion to reflect the defendant's substantial assistance to authorities. Further, § 1B1.10(b)(2)(C) provides that in no event may the reduced term of imprisonment be less than the sentence already served. Finally, the commentary to § 1B1.10(a) sets forth factors for the court to consider in determining whether a sentence reduction is warranted, and the extent of such reduction. These considerations include the § 3553(a) factors, the nature and seriousness of the danger that a sentence reduction may pose to public safety, and the defendant's post-sentencing conduct.

On January 15, 2015, this court issued an order providing notice to the government of certain defendants being considered for a sentence reduction pursuant to Amendment 782, and granting leave for the government to file the

grounds of an objection either to the granting of a reduction or the extent of such a reduction. The order clarified that, absent the filing of grounds of objection as to any defendant being considered for a reduction, the court would assume that the government had no objection to a full reduction as authorized by Amendment 782, § 1B1.10, and § 3582(c)(2). The order further provided that counsel would be appointed and submissions permitted on behalf of defendants whose sentence reduction was objected to by the government, and for eligible defendants who were not granted a full sentence reduction by the court, if those defendants did not already have counsel.[1]

## II.

Jones' case has been described in detail in a prior opinion, *United States v. Jones*, 484 F. Supp. 2d 506 (2007), *aff'd*, 270 F. App'x 268 (4th Cir.), *cert. denied*, 555 U.S. 867 (2008), but a brief summary is as follows. During the fall of 2005, law enforcement recovered substantial amounts of crack cocaine and thousands of dollars in cash from the defendant on two separate occasions — once during a controlled buy involving a confidential informant, and once while the defendant was driving after he had been arrested on state drug charges. The defendant was eventually convicted by a jury of four separate charges related to crack cocaine

---

[1] The order also stated that the court did not intend to appoint counsel for applicants for a sentence reduction who were plainly not eligible under § 1B1.10, regardless of any objection by the government.

trafficking, including conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 and § 841(b)(1)(A), distributing five or more grams of cocaine base in violation of § 841(a)(1) and § 841(b)(1)(B), distributing 50 grams or more of cocaine base in violation of § 841(a)(1) and § 841(b)(1)(A), and possession with the intent to distribute cocaine base in violation of § 841(a)(1) and § 841(b)(1)(C).

On May 4, 2007, based upon two prior drug distribution convictions in North Carolina, Jones was sentenced to two concurrent terms of statutory mandatory life imprisonment and two concurrent terms of ten years imprisonment. However, following the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) (overruling prior precedent and holding that North Carolina sentencing scheme disqualified certain North Carolina drug convictions as predicates for mandatory sentences under 21 U.S.C. § 841(b)), the government conceded in a § 2255 action that Jones was entitled to be resentenced under the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (reducing disparity in mandatory sentences between crack and powder cocaine). I vacated Jones' sentence and he was resentenced on December 20, 2011, to concurrent terms of 156 months (13 years) on each of the four counts.

At his resentencing, Jones' guideline range was 140 to 175 months. Jones' attorney moved for a downward variance based on his substantial rehabilitation

efforts during his incarceration, and argued that the appropriate sentence would be time served or the low end of the guidelines range. The government moved for an upward departure under U.S.S.G. § 4A1.3, arguing that Jones' criminal history category substantially under-represented the seriousness of his criminal history and the likelihood that he would commit other crimes.

In pronouncing Jones' sentence, I found that while Jones' long career in drug trafficking was serious and concerning, these factors were counterbalanced by his rehabilitation efforts and model behavior while incarcerated. Therefore, I found a sentence within the guideline range to be appropriate, denied the parties' motions, and imposed a mid-range sentence of 156 months in prison.

III.

In a pro se motion, Jones requested a proportionate sentence reduction to a mid-guideline range sentence of 134 months (11 years and two months). His attorney thereafter filed a motion seeking a term of imprisonment below or at the low end of the new guideline range, on the ground of Jones' postconviction rehabilitation during incarceration.

As an initial matter, § 1B1.10(b)(2) plainly forecloses any sentence below the minimum of the new guideline range. Moreover, although Jones' rehabilitative conduct in prison, including completion of his G.E.D., drug abuse programs, and continuing adult education, is laudable, it remains counterbalanced by Jones'

extensive criminal history prior to incarceration and the seriousness of the offense conduct. As I noted during Jones' resentencing, Jones has an unfortunate criminal history reaching far back into his life that was unrelenting until his present incarceration. Further, Jones' conduct regarding the instant offenses was particularly troubling, being found with significant quantities of crack cocaine and thousands of dollars in cash just days after being arrested and charged with state drug offenses. These factors counsel against a sentence at the low end of the guideline range.

Jones' life has considerably brightened since he was sentenced to spend the rest of it in prison. Now 45 years old, he has already served 110 months (nine years and two months) for his federal crimes. With the present reduction, he can be released with credit for good behavior in less than two years, while still a relatively young man. We can all hope that he will live the rest of his life in a responsible and law abiding manner.

For these reasons, while the motions for sentence reduction (ECF Nos. 353, 354) are **GRANTED**, a proportionate reduction to a mid-range sentence of 134 months is determined to be appropriate in this case. A separate judgment will be entered accordingly herewith.

It is so **ORDERED**.

ENTER: February 20, 2015

/s/  James P. Jones
United States District Judge